544 P.2d 246

**Thomas P. SMITH and Linda L. Smith, husband and wife, Appellants,**

v.

**Kathleen M. BOWMAN, Appellee.**

**No. 2 CA–CIV 1964.**

Court of Appeals of Arizona, Division 2.

Jan. 6, 1976.

Rehearing Denied Feb. 4, 1976.

Review Denied Feb. 24, 1976.

DeConcini, McDonald, Brammer & Yetwin, P.C. by J. Wm. Brammer, Jr., and John W. Lovell, Tucson, for appellants.

Browning, Druke & Hawkins by William D. Browning, Tucson, for appellee.

OPINION

HOWARD, Chief Judge.

An automobile driven by Thomas Smith collided with an automobile driven by Kathleen Bowman at the intersection of Seventh Street and Campbell Avenue in Tucson on the morning of October 3, 1973. Miss Bowman had been traveling west on Seventh Street, stopped at a stop sign, noted that the intersection appeared free of traffic, then proceeded into the intersection with the intent of turning north onto Campbell Avenue. When she was approximately six feet into the intersection she saw Mr. Smith's automobile approaching and stopped. Although there was approximately fourteen feet of space between the front of the Bowman automobile and the center of Campbell Avenue, Smith, being uncertain of what bowman was going to do, applied his brakes. Smith testified that he was probably already skidding before Bowman's car stopped. He had almost

stopped when his automobile struck hers causing relatively minor damage to both cars.

Smith and his wife brought an action against Bowman seeking a minimum of $150,000 in damages for injuries allegedly suffered as a result of the accident. The jury returned a verdict in favor of Bowman and the Smiths appeal. They contend the court erred in refusing to give a portion of their requested instruction number two which would have amounted to a negligence per se instruction based upon A.R.S. Sec. 28-873(A)(3) which reads as follows:

> "No person shall stop, stand or park a vehicle, *except when necessary to avoid conflict with other traffic* or in compliance with the law or the directions of a police officer or traffic-control device, in any of the following places:
>
> \*     \*     \*     \*     \*     \*
>
> 3.   Within an intersection.
>
> \*     \*     \*     \*     \*     \* "

(Emphasis added)

We hold that the court did not err in refusing to give an instruction based on A.R.S. Sec. 28-873. There are no facts in the record which suggest its applicability to the situation. The facts show that Bowman's stop was the result of nothing other than a reaction to an emergency situation, clearly within the statutory exception relative to avoiding conflict with other traffic. In order for appellants to have been entitled to such an instruction, they would have had to introduce some evidence that the stop was other than justified. Having failed to do so, their reliance upon *Kemp v. Pinal County*, 13 Ariz.App. 121, 474 P. 2d 840 (1970) holding that a party is entitled to an instruction upon any legal theory supported by *substantial evidence*, is misplaced.

We agree with appellants' contention that the statute does not apply only to

parking situations, but this does not mean that it applies here. An example of a non-parking situation to which the statute would apply can be found in *Danley v. Cooper*, 62 Wash.2d 179, 381 P.2d 747 (1963) where the defendant stopped to make an illegal left turn. Under such circumstances, the stop is not within any purpose permitted by the statute and constitutes negligence per se.

Appellee's stop, however, is justified under the statute and hence cannot constitute negligence as a matter of law. An example of a situation very closely analogous to the facts here can be found in *Doss v. Rader*, 187 Va. 231, 46 S.E.2d 434 (1948) where it was held that it was error for the trial court to have given an instruction similar to the one proposed by appellants. The accident in *Doss*, as here, occurred at an intersection. The defendant in *Doss* made a stop and then pulled into the intersection in contemplation of making a left turn, then stopped a few feet into the intersection when he saw the plaintiff's car approaching. The instruction given advised the jury that if they found the defendant violated section 86 of the Virginia Motor Vehicle Code,[1] and if such violation caused plaintiff's injuries, they should find for the plaintiff. In holding the statute inapplicable and the instruction therefore erroneous, the Virginia Supreme Court said: " . . . stopping momentarily on the highway to avoid a collision is not a stopping within the meaning and prohibition of the statute." 46 S.E.2d at 438.

We agree with the reasoning of the Virginia Supreme Court that the intent of statutes such as A.R.S. Sec. 28-873 is to prohibit stopping in the specified places for purposes other than those which constitute normal and lawful incidents of driving an automobile upon the highways.

Affirmed.

KRUCKER   and   HATHAWAY,   JJ. concur.

1. This statute, while not identical to A.R.S. Sec. 28-873, is closely analogous. It reads in part: "No vehicle shall be stopped in such a manner as to impede or render dangerous the use of the highway by others, except in the case of an emergency as the result of an accident or mechanical breakdown. \* \* \* "